UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCELLUS LEWIS, JR.,

        Plaintiff,                CIV. S-04-1241 PAN

      v.

JO ANNE B. BARNHART,             Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability and supplemental security income benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Defendant found plaintiff was eligible, suffered from left upper extremity neuropathy but no listed impairment, that he could no longer perform his past work as a security guard, laborer, van driver or assembler but could still work as a gate guard, playground attendant and teacher's aide and is not disabled.  Tr. 12-16.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence.  <u>Sanchez v. Secretary of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance, <u>Bates v.</u>

Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision.  Gonzalez v. Sullivan, supra, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

     Plaintiff claims that because, without transferable skills that he lacks, the jobs defendant found he can perform require up to three months to learn, he is in fact disabled.  He cites no authority to support the proposition.  Defendant argues that as he suffers from no impairment that would prevent him from learning the required skills, he is not disabled.

     It was plaintiff's burden to demonstrate that he is unable to work by virtue of a medically determinable impairment expected to last at least a year despite treatment.  See Sanchez v. Secretary, 812 F.2d 509 (9th Cir. 1987); Villa v. Heckler, 797 F.2d 794 (9th Cir. 1986).  Plaintiff does not satisfy that burden by arguing that he should not have to learn any new work

3

skills that reasonably can be mastered within three months' time.

The decision denying benefits is affirmed.

Dated:  May 18, 2005.

                                            /s/ Peter A. Nowinski
                                            PETER A. NOWINSKI
                                            Magistrate Judge